In re The MARRIAGE OF Mary D. SNEAD and Henry W. Snead.

Upon the Petition of Mary D. Snead, Appellee,

And Concerning Henry W. Snead, Appellant.

No. 89–12.

Court of Appeals of Iowa.

Oct. 5, 1989.

Kenneth L. Butters of Dreher, Wilson, Simpson, Jensen, Sellers, Butters, Adams & Kaiser, Des Moines, for appellant.

Thomas D. Hanson of Hanson, Bjork & Russell, Des Moines, and Donald L. Schild, Grinnell, for appellee.

Considered by DONIELSON, P.J., and SCHLEGEL and HAYDEN, JJ., but decided en banc.

HAYDEN, Justice.

In this appeal Henry challenges the alimony, child support, property division, and attorney fees awarded to Mary. He also seeks a small change in the Christmas visitation schedule and contests the requirement he is required to pay all of the travel costs connected with the visitation. He also requests he be allowed to claim the children as dependents and deductions upon his income tax returns. Mary requests attorney fees on appeal. We affirm as modified.

The parties were married in Georgia on December 27, 1980. This is Henry's first marriage and Mary's second. Her first husband died. She has custody of one child born of her first marriage. This child, a girl, was thirteen years old at the time of trial. Henry and Mary have twins, a boy and a girl, born December 19, 1984. The twins were placed in joint legal custody of both parties. Mary was awarded their physical care.

Mary lives in Georgia and Henry lives in Iowa. Henry was granted visitation of the children one week near Christmas and six weeks in the summer, to be exercised in Iowa. In addition, he was granted visitation one weekend each month to be exercised in Georgia. The trial court required Henry be responsible for all costs of travel associated with visitation.

At the time the parties were married, Henry was a senior in medical school.

Mary worked as a medical technician for doctors in Augusta and Atlanta, Georgia, until May 1983. After Henry completed his residency in June 1984, they moved to Grinnell, Iowa. Henry engaged in the practice of internal medicine at Grinnell General Hospital. In 1984, Henry earned $61,840. Henry's net income on his income tax returns for the following years is shown as follows: 1985—$161,676; 1986—$170,844; 1987—$190,199. Henry paid Mary a salary through his professional corporation for the years 1985 through 1987 as follows: 1985—$15,000; 1986—$13,500; 1987—$9,000. Henry testified as of 1987 he was no longer associated with the Grinnell Hospital. He bought in with a Des Moines professional group and earns $70,000 per year. The trial court observed Henry would soon be eligible for profit-sharing with the Des Moines Medical Group, P.C., and his income there will increase. Mary indicated at trial with her present training she would not be able to earn more than $12,000 per year. She has been primarily a homemaker in recent years.

The trial court directed Henry to pay Mary child support of $750 per month for each of the parties' two children. This amount is to continue until the children attain age twenty-two if they are full time students engaged in post-high school educational activities. Mary's exhibit number four shows her monthly expenses for herself and the twins are $2,644.

Henry was also ordered to pay Mary alimony of $1,000 per month for five years and $500 per month thereafter until her death or remarriage.

The trial court found, and the record supports, the parties had the following assets and liabilities of corresponding values:

### ASSETS

| Item | Value |
| --- | --- |
| Furniture | $ 6,000.00 |
| Appliances | 1,000.00 |
| Oriental Rug | 1,000.00 |
| Pictures | 2,500.00 |
| China & Silver | 2,640.00 |
| 1987 Honda Civic | 11,000.00 |
| 1984 Honda Civic | 2,500.00 |
| Respondent's Pension | 31,187.00 |
| Respondent's Profit Sharing | 21,083.00 |
| Petitioner's IRA | 6,000.00 |
| Respondent's IRA | 6,000.00 |
| Other personal property in possession of Respondent | 4,993.00 |
| Respondent's Checking Account | 420.00 |
| Total Assets | 96,323.00 |

### LIABILITIES

| Item | Value |
| --- | --- |
| Medical College of Georgia | $15,000.00 |
| Master Card | 5,512.00 |
| Wacobia Bank | 750.00 |
| Brenton Bank Management Fee | 1,500.00 |
| Total Liabilities | 22,760.00 |
| Net Worth | $73,463.00 |

In addition to the above, Mary owned 9.75 acres of land in Georgia. This is a nonmarital asset as Mary acquired it upon the death of her first husband. Henry listed a debt of $15,000. This debt was for the purchase price of his interest in the Des Moines Medical Group, P.C. The trial court did not include this as a liability of the parties. The judge reasoned, if Henry paid this amount for that interest, then an asset in like amount would be created in his name.

The trial court awarded Mary (petitioner) the following property:

| Item | Value |
|------|-------|
| Furniture | $ 6,000.00 |
| Appliances | 1,000.00 |
| Oriental Rug | 1,000.00 |
| Pictures | 2,500.00 |
| China & Silverware | 2,640.00 |
| 1987 Honda Civic | 11,000.00 |
| Petitioner's IRA | 6,000.00 |
| Total Assets to Petitioner | 30,140.00 |
| Plus cash to be paid by Respondent | 6,641.00 |
| Total Assets to Petitioner | $36,781.00 |

The trial court awarded Henry (respondent) the following property and debts:

| Item | Value |
|------|-------|
| 1984 Honda Civic | $ 2,500.00 |
| Respondent's pension | 31,187.00 |
| Respondent's profit-sharing | 21,083.00 |
| Respondent's IRA | 6,000.00 |
| Personal property in hands of Respondent | 4,993.00 |
| Respondent's checking account | 420.00 |
| Total Assets to Respondent | $66,183.00 |
| Less total debt to be paid by Respondent | 22,760.00 |
| Total Assets to Respondent | $43,423.00 |
| Less cash to be paid to Petitioner | 6,641.00 |
| Total net assets to Respondent | $36,782.00 |

Henry was permitted to pay Mary's cash settlement in payments of $1,328 on January 1 of each year until paid in full. The unpaid balance is to draw interest at the rate of ten percent per annum.

Henry was ordered to pay $3,000 to Mary's trial attorney and the court costs.

Our review is de novo. Iowa R.App.P. 4. We give weight to the fact findings of the trial court, especially when considering the credibility of witnesses. Iowa R.App.P. 14(f)(7). After careful consideration, we make the following modifications.

■ The twins' birthday is on December 19th. The trial court ordered Christmas visitation of one week to commence on the 26th of December each year in the event the parties were unable to agree on the dates of the one week Christmas visitation. We modify this provision to provide Henry may have visitation from December 18 to and including December 25, 1989, and each succeeding odd-numbered year, and then from December 26th of each even-numbered year to and including the following January 2nd. We make this change so the twins can be with each parent every other year during Christmas and New Years. We have no other assurance the parties would agree to this.

■ We modify the child support and Henry is to pay Mary $600 per month for each of the two children. This amount is to continue until the children attain age twenty-two if they are full time students involved in post-high school educational activities.

■ We also modify the decree to the effect Henry is entitled to claim the twins as dependent exemptions and/or deductions upon his state and federal income tax returns so long as he is current in his child support payments at the end of his taxable year.

■ We modify the alimony award so that Mary will receive $500 per month from Henry for a period of ten years. The modifications of the economic provisions of the dissolution decree are based on a showing in the record that Henry is earning $70,000 annually. If his income should increase considerably, Mary can seek recourse through a modification of the dissolution decree due to a substantial change in circumstances not in the contemplation of this court.

Except as modified above, we affirm the trial court in all other respects.

Henry shall pay $1,000 to Mary to apply upon her appellate attorney fees. Costs of appeal are assessed against Henry.

AFFIRMED AS MODIFIED.